IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

G. Smith, et al.,                    :

         Plaintiffs,                 :

         v.                          :    Case No. 2:09-cv-778

                                     :
Southwest Licking School                  JUDGE GRAHAM
District Board of Education,         :
et al.,

         Defendants.                 :

ORDER

     This matter is before the Court to consider the motion for
protective order filed by defendant Southwest Licking Local
School District Board of Education.  According to the motion, the
Board seeks the protective order in order to respond fully to
plaintiffs' subpoena seeking personally identifiable student
information.  No response to the motion has been filed.  For the
following reasons, the motion will be granted.

I.  Background

     The complaint in this case alleges that plaintiff G. Smith,
a minor, was sexually abused by another student while attending
Watkins Middle School in the Southwest Licking School District.
In light of the complaint's allegations, the parties previously
have filed an agreed protective order directed to the definition
and treatment of confidential information.

     The current motion, with attached exhibits, asserts the
following background information.  Plaintiffs served discovery
requests on the defendant Board in March, 2010.  Some of the
discovery requested by plaintiffs required the disclosure of
personally identifiable student information of several students,
including that of the alleged perpetrator.  The Board, asserting

that this information is protected by Ohio Revised Code §3319.321 and the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. §1232(g), objected to these discovery requests.  In response, plaintiffs' counsel issued a subpoena requesting the responses to which the Board had objected.  Subsequently, the Board, in accordance with the requirements of FERPA and Ohio law, sent notices to the parents of all students whose information was responsive to the discovery requests.

According the Board, only the parent of the alleged perpetrator, identified by the Board as Student 1, has indicated opposition to the production of the information.  Following discussion with counsel for the Board, this parent, by letter dated July 19, 2010, authorized counsel to release a sheriff's report from February, 2007, attendance records and a birth certificate.  These documents have been produced to plaintiffs' counsel.

However, because additional responsive documents exist, the Board's counsel informed this parent that, absent a court order directing that the records not be produced, the student records would be produced on August 4, 2010.  On August 3, 2010, the Board's counsel received a second letter from this parent stating that, if these records were released, "further action with Civil Rights" would be taken.  It is in response to this letter that the Board has filed its motion for a protective order.

II.  <u>Analysis</u>

The Board, citing to both FERPA and O.R.C. §3319.321, seeks a protective order allowing it to respond fully to the subpoena, including providing the information relating to Student 1.  By its own admission, the Board recognizes that its request for a protective order is unusual.  However, as the Board explains, such a protective order is necessary in light of its conflicting obligations in this case, including its obligation to Student 1.

Turning first to the Board's responsibility under FERPA, "FERPA protects educational records or personally identifiable information from improper disclosure." Virgin Records America, Inc. v. Does 1-33, 2007 WL 3145838, *2 (E.D. Tenn. Oct. 24, 2007) citing Doe v. Woodford County Bd. of Educ., 213 F.3d 921, 926 (6th Cir. 2000). FERPA provides in relevant part, that:

> No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of releasing or providing access to, any personally identifiable information in education records other than directory information ....

20 U.S.C. §1232g(b)(2).

Educational records are defined under FERPA to include "those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution." United States v. Miami University, 294 F.3d 797, 812 (6th Cir. 2002). On the other hand, directory information is defined as "the student's name, address, telephone listing, date and place of birth..." 20 U.S.C. §1232g(a)(5)(A).

Release of non-directory information is permitted, however, when it "is furnished in compliance with judicial order, or pursuant to any validly issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency." §1232g(b)(2)(B); see also Briggs v. Board of Trustees Columbus State Community College, Case No. 2:08-cv-644, 2009 WL 2047899 *4 (S.D. Ohio July 8, 2009) (FERPA's express language does not prevent discovery of relevant student records under the Federal Rules).

In this case, no dispute exists over the nature of the information sought or its relevance to the claims presented.

-3-

There also is no challenge to the validity of the subpoena issued
to the Board.  Additionally, the Board has represented that it
has notified the affected parties prior to its compliance with
the subpoena and nothing in the record indicates otherwise.  The
Court specifically notes that, despite having been served with a
copy of the motion, the parent of Student 1 has filed no response
indicating any objection to the Board's compliance with the
subpoena.

Further, the agreed protective order defines "confidential
information" to include the information being sought here and
establishes the parameters for protecting its confidentiality.
That order states, in relevant part:

> a.  "Confidential information" includes the
>     following:
>     I.  Any and all personally identifiable
>         information from an education
>         record of a student that is
>         protected by the Family Education
>         Rights and Privacy Act, 20
>         U.S.C. §1232g; 34 C.F.R. part 99.

Under this circumstance, the Board's release of the
information at issue, pursuant to the subpoena, is authorized by
the express language of FERPA.  §1232g(b)(2)(B). Accordingly, for
purposes of the Board's compliance with FERPA, there is no need
for a court order.

On the other hand, the Board asserts that it also is
obligated to comply with O.R.C. §3319.321(B) as it relates to the
release of this information.  That statute provides as follows:

> No person shall release, or permit access to,
> personally identifiable information other than
> directory information concerning any student
> attending a public school for purposes other
> than those identified in division (C), (E), (G),
> or (H) of this section without written
> consent of the parent, guardian, or custodian
> of each such student who is less than eighteen
> years of age, or without the written consent

-4-

of each such student who is eighteen years of
age or older.

To the extent that this statute may create a state law
privilege for certain student information, such a privilege would
not be binding on this Court under Fed.R.Evid. 501. In federal
cases dealing with a federal question, Rule 501 states that
privilege "shall be governed by the principles of the common law
as they may be interpreted by the courts of the United States in
the light of reason and experience." Hancock v. Dodson, 958 F.2d
1367, 1373 (6th Cir. 1992); see also Nilavar v. Mercy Health
System-Western Ohio, 210 F.R.D. 597 (S.D. Ohio 2002). Further,
the existence of pendent state law claims does not relieve the
Court of "[the] obligation to apply the federal law of
privilege." Id.

The Court is unaware of any federal common law privilege
protecting student records like those at issue here. Rather, as
discussed above, such records are protected to the extent
directed in FERPA which, by its own terms, does not create an
evidentiary privilege. Ellis v. Cleveland Municipal Sch. Dist.,
309 F.Supp.2d 1019, 1023-24 (N.D. Ohio 2004).

Further, the circumstances surrounding the Board's motion as
discussed above do not present a situation for the Court to
consider whether such a privilege should be recognized. See
Nilavar, 210 F.R.D. at 605 (to recognize matter as privileged,
its protection must promote an important interest that outweighs
the need for relevant information). Absent any filed objection
to the Board's intended compliance with the subpoena, the Court
is simply without any record to consider the issue.

Moreover, the Court is satisfied that the agreed protective
order in this case adequately addresses any confidentiality
concerns relating to this information. The protective order
specifically provides that the information is to be used only for

-5-

purposes of this litigation and will be returned or destroyed, as appropriate, at the completion of this case. Additionally, the order contains limitations on the disclosure of the information during discovery and to the Court. Consequently, the Board's motion will be granted. However, the release of the information will be governed by terms of the agreed protective order filed on March 19, 2010.

III. <u>Disposition</u>

Based on the foregoing, the motion for a protective order (#22) is granted. The defendant Southwest Licking Local School District Board of Education shall respond fully to the subpoena under the terms of the agreed protective order filed on March 19, 2010 within fourteen days of the date of this order.

APPEAL PROCEDURE

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp

-6-

United States Magistrate Judge